[ *662 ] * By the Court,
Nelson, C. J.
I am of opinion the court below erred in charging, that the usuage of the trade at Albany, *505 determined the rights of the parties, there being no contract express or implied to carry the goods beyond that place. It appears to me such a contract is fairly to be inferred from the receipt of the captain, in the absence of any explanation. The box was directed to J. Petrie, Little Falls, Serhimer Co. indicating plainly to whom the plaintiffs were desirous of sending it, and was delivered on board for the express purpose of transhipment to him; and without any qualification or explanation the agent received the article, and gave his receipt therefor: in effect, saying to the plaintiffs, I will take and deliver it at the place of destination, according to the direction. So the plaintiffs must undoubtedly have understood the contract. It is the plain interpretation of the transaction. If the defendants had intended to limit their duty as common carriers short of the place of destination, they should in some way have indicated to the plaintiffs this intent. Perhaps usage of the line brought home to them might have been sufficient, and might have controlled the otherwise reasonably implied engagement from the receipt; but the contract derivable therefrom is too explicit and manifest to be varied by the mere fact of such general custom. Regularly, the receipt itself should have limited the carriage to Albany, to be forwarded to the place of destination, if to be sent further. Then the defendants would have been liable, as carriers to Albany, and as forwarders only beyond that point. This is a very common arrangement with carriers. 8 Cowen, 223. 5 T. R. 389. Story on Bailment, 343. 4 T. R. 581. The contract would thus have been materially modified, as the forwarder is only liable for ordinary care in procuring a proper conveyance for the goods ; and all parties would have understood their rights and liabilities.
Judgement reversed.